IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**UNTIED STATES OF AMERICA**                                          **PLAINTIFF**

**VS.**                                   **4:99CR00194-01-WRW**

**ROGER KOCH**                                                       **DEFENDANT**

**ORDER**

Pending is the government's Motion to Amend Judgment and Final Order of Forfeiture.[1] The Judgment and Commitment Order did not incorporate the forfeiture, and the Final Order listed the incorrect counts to which Defendant pled guilty. Defendant objected to the Motion, asserting that the modifications should not be granted under Fed. R. Crim. P. 36. Defendant contends that the proposed modifications are an attempt to make substantive changes to the final order and judgment which is not permissible under Rule 36.

Rule 36 authorizes a court to correct a clerical error in a judgment at any time, but it does not authorize a district court to modify a sentence.[2] An authorized correction, under Rule 36, may clarify a sentence that may be unclear in written form, if it becomes clear when the whole record is examined.[3] Most courts allow Rule 36 amendments to add orders of forfeiture.[4]

The Eighth Circuit recently addressed the problem of correcting a final judgement due to a failure to include forfeiture.[5] One of the defendants in the case, Mr. Porrello, was the subject

---

[1] Doc. No. 256.

[2] *United States v. Tramp*, 30 F.3d 1035 (8th Cir. 1994) (quoting *United States v. McAfee*, 832 F.2d 944, 946 (5th Cir.1987)).

[3] *Id.*

[4] *United States v. Bennett*, 423 F.3d 271 (3rd Cir. 2005).

[5] *United States v. Hatcher*, 323 F.3d 666 (8th Cir. 2003).

of a preliminary forfeiture order. During sentencing, the court forgot to incorporate the forfeiture in the judgment. The government moved for correction, which was granted. Mr. Porrello appealed, arguing that the district court lacked jurisdiction to amend the sentence.[6]

The Eighth Circuit held as follows:

> Mr. Porrello argues that adding a forfeiture order constitutes more than a correction of a clerical error. If the judge had never before addressed the forfeiture issue, we might agree with Mr. Porrello. In light of the Court's earlier entry of a preliminary forfeiture order, however, we conclude that the omission did constitute a clerical error. Because the error was clerical, the District Court retained jurisdiction to correct it.[7]

In this case a preliminary order and a final order of forfeiture was entered.[8] It is no surprise to Defendant that he is subject to the forfeiture set out in both orders. In keeping with the reasoning of the Eighth Circuit, the errors here are also clerical and are subject to correction. The Motion to Amend the Judgment and Final Order of Forfeiture is GRANTED. The Judgment and Final Order of Forfeiture will be amended to correct clerical errors.

IT IS SO ORDERED this 21st day of November, 2005.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE

---

[6] *Id.* at 673.

[7] *Id.* at 673-74 (citing *United States v. Loe*, 248 F.3d 449 (5th Cir. 2001)).

[8] Doc. No. 183.